IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MELODY AVENUE B.V., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 25-428 (MN) |
| | ) |
| CONDUCTOR FOUNDERS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington, this 13th day of August 2025, after a hearing on July 30, 2025 (D.I. 14), and upon consideration of Defendant Conductor Founders, Inc.'s ("Defendant" or "Conductor") Motion to Dismiss (D.I. 6), Plaintiff Melody Avenue B.V.'s ("Plaintiff" or "Melody") complaint (D.I. 1) ("the Complaint"), the parties' briefing (D.I. 7, 8, 9), and discussion at the hearing (D.I. 14), Defendant's Motion to Dismiss (D.I. 6) will be granted and the case dismissed without prejudice for the reasons that follow.

**I.     THE COURT'S RULING**

The Court's ruling on the Motion to Dismiss was announced from the bench at the conclusion of the July 30 hearing, (D.I. 14 at 13:25-16:13), as follows:

> I have before me Defendant Conductor Founders' motion to dismiss Melody's complaint on the basis that a forum selection clause in the operative Put Agreement mandates that this dispute be brought before the Delaware Court of Chancery. Because I agree that a plain reading of that provision requires filing suit in the Chancery Court in the first instance, I will dismiss this action without prejudice. I will issue an Order memorializing this transcript.
>
> First, the legal standard. "Courts may treat a motion to dismiss based on enforcement of a forum selection clause as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)."[1]

---

<sup> </sup>1      *LCY Chem. Corp. v. Kraton Performance Polymers, Inc.*, No. 14-1279 (GMS), 2015 WL 4486783, at *2 & n.1 (D. Del. July 23, 2015); *FNB Corp. v. Mariner Royal Holdings, LLC*,

On a motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and views them in the light most favorable to the Plaintiff, but nonetheless will dismiss any claim that fails as a matter of law or does not contain sufficient factual matter to state a claim to relief that is plausible on its face.[2]

Now my reasoning. The forum selection clause at issue here reads, in relevant part: "Any legal proceeding arising out of or based upon this agreement . . . may be instituted first, in the Court of Chancery . . . and to the extent such Court of Chancery . . . lacks jurisdiction over the matter, the federal courts . . . in the State of Delaware . . . Each party irrevocably submits to the exclusive jurisdiction of such courts in any such legal proceeding."[3]

In construing such provisions, the Court "looks to the plain and ordinary meaning of the forum selection clause" at issue.[4] Here, "[t]he unambiguous language of the clause provides that all actions arising under the [Put] Agreement must first be brought in the Delaware Court of Chancery, but it also permits claims to be brought in [the] Delaware federal [district] court if the Court of Chancery declines to exercise jurisdiction, and includes an express waiver of the right to assert jurisdictional challenges."[5] And when read in the context of the two-tier forum selection language, I conclude that "the present forum selection clause contains sufficient mandatory language to convey that the parties intended to

---

No. 19-1643 (LPS) (JLH), 2020 WL 1475021, at *3 (D. Del. Mar. 26, 2020), *report and recommendation adopted*, 2020 WL 13880678 (D. Del. May 11, 2020).

2   *See Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327 (3d Cir. 2022); *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

3   (D.I. 1, Ex. A § 3(c)(i)).

4   *New Jersey v. Merrill Lynch & Co., Inc.*, 640 F.3d 545, 548 (3d Cir. 2011) (internal quotation marks omitted); *Presidio, Inc. v. Closson*, No. 22-494 (CFC), 2022 WL 17846561, at *1 (D. Del. Dec. 22, 2022).

5   *Cultural Experiences Abroad, LLC v. Colon*, No. 23-564 (GBW) (SRF), 2024 WL 492683, at *3 (D. Del. Feb. 8, 2024), *report and recommendation adopted*, 2024 WL 1509211 (D. Del. Mar. 18, 2024); *FNB Corp.*, 2020 WL 1475021, at *2 ("The Parties hereto irrevocably submit to the exclusive jurisdiction of the Delaware Court of Chancery or, *if (but only if)* such court does not have subject matter jurisdiction . . . the United States District Court for the District of Delaware.") (emphasis in original).

waive their right to [file first in] federal court," and, accordingly, the proper venue of first instance is the Chancery Court.[6]

Melody contends that the Chancery Court lacks jurisdiction to hear this case because the Complaint asserts a claim for damages rather than an equitable remedy. Conductor counters that the Chancery Court is best positioned to make that jurisdictional determination. I agree with Conductor. As other courts in this District have opined, "the scope of the Court of Chancery's subject matter jurisdiction is a matter best left to the state courts," and "[i]t is ultimately the province of the Chancery Court to determine whether the [disputed] Agreement meets the requirements under [Delaware law] to provide subject matter jurisdiction."[7]

Finally, I note that Melody will suffer no prejudice as a result, given that this case is only a few months old, is at the very first stage, and the door will be open to return to this venue in the event that the Chancery Court dismisses it for lack of jurisdiction.

So, in conclusion, I will grant the motion to dismiss without prejudice. Melody can refile this action in Chancery Court, and if it is ultimately determined that there is no jurisdiction there, you can come back here.[8]

## II.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (D.I. 6) is GRANTED and the case is DISMISSED WITHOUT PREJUDICE.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

---

[6]   *Tkach v. RumbleOn, Inc.*, No. 22-710 (RGA), 2022 WL 4378826, at *3 (D. Del. Sept. 22, 2022).

[7]   *FNB Corp.*, 2020 WL 1475021, at *4; *LCY Chem. Corp.*, 2015 WL 4486783, at *3 n.2; *Fort James Corp. v. Beck*, No. 02-1612 (SLR), 2003 WL 345350, at *1 (D. Del. Feb. 12, 2003) ("The jurisdiction of the Delaware courts is a matter that must be decided by the Delaware state courts including the Delaware Supreme Court – not the federal district court.").

[8]   *LCY Chem. Corp.*, 2015 WL 4486783, at *3 n.2; *FNB Corp.*, 2020 WL 13880678, at *1.

3